# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
) **JUDGE RICHARD L. SPEER**
Robert/Kimberly Miller )
) Case No. 09-33066
Debtor(s) )
)
)

## DECISION AND ORDER

Before this Court is the Trustee's Objection to the Claim of Exemption made by the Debtor, Kimbery Jean Miller. (Doc. No. 12). The basis for his objection: Mrs. Miller seeks to exempt property, a motor vehicle, which is titled solely in the name of her husband, Robert Miller. On this matter, a hearing was held at which time the Court afforded the Parties the opportunity to submit briefs in support of their respective positions. (Doc. No. 22). Both of the Parties have since submitted timely briefs to the Court. (Doc. No. 25 & 27). The Court has now had the opportunity to review the arguments submitted by the Parties, as well as the applicable law, and finds, for the reasons set forth herein, that the Trustee's Objection should be Sustained.

## BACKGROUND

Based upon the arguments contained in their written briefs, the Parties have presented to the Court a single issue for resolution: Whether the Debtor, Mrs. Miller, may claim an exemptible interest in a motor vehicle titled solely in the name of her husband? The facts giving rise to his issue are not in controversy.

On May 7, 2009, the Debtors, Robert and Kimberly Miller, filed a joint petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). In the schedules submitted with their bankruptcy petition, the Debtors set forth that Mr. Miller owned two

In re: Robert and Kimberly Miller
Case No. 09-33066

automobiles: (1) a 2002 Honda; and (2) a 1999 Pontiac Grand Prix. *Id.* The Debtor, Mrs. Miller, did not disclose in her bankruptcy schedules an ownership interest in any motor vehicle. *Id.* Mrs. Miller, however, did impart that she utilizes her husband's Pontiac Grand Prix for her personal transportation to and from work and that she is insured as a driver of the vehicle.

In their bankruptcy schedules, the Debtors, citing to O.R.C. § 2329.66(A)(2), claimed an exemption for solely Mr. Miller in the 2002 Honda in the amount of $3,225.00. For the 1999 Pontiac Grand Prix, the Debtors, citing to O.R.C. § 2329.66(A)(18), both claimed an exemption in the vehicle for the aggregate amount of $2,150.00. The Objection to Exemption filed by the Trustee is limited to Mrs. Miller's claim of exemption in the Pontiac Grand Prix.

## DISCUSSION

The matter before the Court concerns a determination of the right of the Debtor, Kimberly Miller, to exempt property from the estate. The determination of this matter will also resolve a related proceeding still pending before the Court: The Debtors' Response to the Trustee's Motion for Turnover. (Doc. No. 17). Both these matters, a determination of an exemption from property of the estate and motions seeking an order to turnover property of the estate, are deemed by bankruptcy law to be core proceedings. 28 U.S.C. § 157(b)(2)(B)/(E). Accordingly, on these matters, the Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

An exemption functions so as to allow a debtor to shield certain assets, which would otherwise be subject to execution for the satisfaction of a debt, from the reach of creditors. *In re Malsch*, 400 B.R. 584, 587 (Bankr. N.D.Ohio 2008). A debtor's right to claim property as exempt is recognized by bankruptcy law. 11 U.S.C. § 522. For purposes of bankruptcy law, the permissibility of exemptions for debtors domiciled in Ohio, such as the Debtors in this case, is governed by Ohio law, with Ohio having opted out of the federal bankruptcy exemptions. O.R.C. § 2329.662.

Page 2

**In re: Robert and Kimberly Miller**
**Case No. 09-33066**

Under Ohio law, a debtor's right to exempt property must arise from statute; Ohio does not recognize a common law right to claim property as exempt. *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005), *citing Morris Plan Bank of Cleveland v. Viona*, 122 Ohio St. 28, 170 N.E. 650 (1930). In this matter, the Debtors cite to O.R.C. § 2329.66(A)(18) as the basis for their right to claim an exemptible interest of $2,150.00 in Mr. Miller's 1999 Pontiac Grand Prix. This provision provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> > (18) The person's aggregate interest in any property, not to exceed one thousand seventy-five dollars, except that division (A)(18) of this section applies only in bankruptcy proceedings.

This provision, often referred to as the "wild card" exemption, confers upon a debtor the right in a bankruptcy proceeding to exempt his or her interest in any type of property, or any combination of property, up to the amount $1,075.00.

The party objecting to a debtor's claim of an exemption bears the burden to show, by at least a preponderance, that the exemption is improperly claimed. FED.R.BANKR.P. 4003(c); *In re Hodes*, 402 F.3d 1005, 1010 (10th Cir. 2005). For his burden, the Trustee did not contest the right of the Debtor, Mr. Miller, to exempt $1,075.00 of the value of his 1999 Pontiac Grand Prix pursuant to O.R.C. § 2329.66(A)(18). The Trustee, instead, relying on Mrs. Miller's lack of title to the vehicle, contests her right to utilize § 2329.66(A)(18) so as to claim an additional $1,075.00 of the value of the vehicle as exempt.

The position advocated by the Trustee is supported by past precedent from this Court. For example, in *In re Smith*, the Court held that a non-debtor spouse, whose wages did not contribute to a tax overpayment, had no interest in the ensuing refund which could operate to exclude it from

Page 3

In re: Robert and Kimberly Miller
Case No. 09-33066

the debtor's bankruptcy estate. 310 B.R. 320, 323-24 (Bankr. N.D.Ohio 2004). Similarly, in *In re Gordy*, this Court found that a debtor's son was precluded from claiming ownership in a vehicle when the vehicle was titled solely in the name of the debtor. 39 B.R. 33, 34 (Bankr. N.D.Ohio 1984). Even more on point is the decision by this Court in *In re Toland*, 346 B.R. 444 (Bankr. N.D. Ohio 2006).

In the case of *In re Toland*, the issue before the Court was whether joint debtors, both citing to the 'wild card' exemption of O.R.C. § 2329.66(a)(18),[1] could each claim an exemption in the same motor vehicle, where, as is the situation here, only one of the debtors held title to the vehicle. 346 B.R. 444 (Bankr. N.D. Ohio 2006). For a number of reasons, the Court rejected the debtors' position that they were both entitled to claim a 'wild card' exemption in the motor vehicle.

First, and most prominently, this Court observed that Ohio's certificate of title statute regarding motor vehicles, O.R.C. § 4505.04, generally proscribes a court from recognizing the interest of any person in a motor vehicle unless it is evidence on the certificate of title. *Id.* at 446-47. Secondly, the Court, relying on the fact that Ohio law allows married persons to hold and dispose of property in their individual capacity, rejected the debtors' position that their marriage conferred upon each an exemptible interest in the other's property. *Id.* at 448. Finally, the Court noted that, unless consolidation is ordered by the court, the filing of a joint petition creates two separate estates, thereby lending itself to the conclusion that "each debtor is only entitled to claim an exemption in the assets of his or her estate, the same as if two separate petitions had been filed." *Id.* at 449.

---

[1] Both of the debtors in *In re Toland* also claimed an exemption in the motor vehicle pursuant to O.R.C. § 2329.66(A)(2). In this matter, only Mr. Miller has claimed an exemption in his motor vehicle pursuant to this provision.

Page 4

**In re: Robert and Kimberly Miller**
Case No. 09-33066

The Debtors did not take issue with the conclusions reached by this Court in *In re Toland*. Instead, in support of their position that Mrs. Miller should be allowed to utilize her 'wild card' exemption against her husband's automobile, the Debtors raised an issue of statutory interpretation not addressed in *In re Toland*. In particular, the Debtors maintain that, because O.R.C. § 2329.66(A)(18) provides that a debtor may claim an exemption in *any* property, Mrs. Miller was authorized to use the statute's allowance of a $1,075.00 exemption in any manner as she saw fit, including claiming an exemption in her husband's property.

In matters of statutory interpretation, words of a statute are to be construed in accordance with their ordinary and common meaning unless the context clearly requires otherwise. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). Under such an approach, the Debtors are correct on one level. Section 2329.66(A)(18), by permitting a debtor to exempt "any" property, does not serve to constrain the character of the property which may be claimed as exempt.

At the same time, statutes are to be read so as to wherever possible give effect to all its words and phrases. *See Walters v. Metropolitan Educ. Enters., Inc.*, 519 U.S. 202, 117 S.Ct. 660, 664, 136 L.Ed.2d 644 (1997). The Debtors' approach, that Mrs. Miller may use her § 2329.66(A)(18) 'wild card' to claim an exemption in another's property, fails to do this by overlooking that the statute, although allowing a debtor to exempt any type of property, places explicit constraints on its applicability.

To begin with, § 2329.66(A)(18) limits the value of property which may be exempted to $1,075.00; the statute also limits its applicability to debtors under the protection of the bankruptcy court. But particularly relevant in his matter, O.R.C. § 2329.66(A)(18) specifies that its breadth is limited to exempting only a "person's interest" in property, not the actual property.

Page 5

**In re: Robert and Kimberly Miller**
**Case No. 09-33066**

      This requirement, of limiting an exemption to a person's interest in property, is a common prerequisite for exemption statutes. *See* 11 U.S.C. § 522(d) (federal bankruptcy exemptions); *In re Moss*, 258 B.R. 405 (Bankr. W.D.Mo. 2001) (debtors are only allowed to claim an exemption in property in which they have an interest). Not only does this requirement serve to prevent a debtor from claiming an exemption in property in which he or she has no cognizable interest, it also serves to prevent a debtor from claiming an exemption in property beyond their interest in the property. That is, to the extent that property is limited in the hands of the debtor, their right to exempt the property is likewise limited. *In re Brennan*, 208 B.R. 448, 451 (Bankr. S.D.Ill. 1997); *In re Smith*, 30 B.R. 78, 79 (Bankr. M.D. Fla. 1983).

      To illustrate: A debtor maintaining a fractional interest in real property would only be entitled to claim an exemption against his or her factional interest, not the entire property. Similarly, it is recognized that, while an inchoate dower interest in a spouse's property is subject to a debtor's claim of exemption, the exemption cannot exceed the present value of the debtor's dower interest – a value which is often nominal in amount. *See, e.g., In re Miller*, 151 B.R. 800, 802 (Bankr. N.D.Ohio 1992). The Debtors' situation follows this paradigm.

      In this matter, any property interest held by Mrs. Miller in her husband's 1999 Pontiac Grand Prix, assuming such an interest even exists, is limited. She admittedly does not hold title to her husband's vehicle, but instead, in her words, claims an interest to the vehicle solely by virtue of her use of "the vehicle as transportation to and from employment" and because "she is insured on said vehicle." (Doc. No. 25, at pg. 2). Even accepting, however, that such attributes provide Mrs. Miller with a cognizable interest in her husband's vehicle, such interests are of *de minimis* value. In this way, Mr. Miller, as the title holder of the vehicle, could legally prohibit Mrs. Miller from using his vehicle as a mode of transportation to and from work, and any insurable interest Mrs. Miller had in the automobile was inchoate.

Page 6

**In re: Robert and Kimberly Miller**
**Case No. 09-33066**

Consequently, given that any interest held by Mrs. Miller in her husband's Pontiac Grand Prix had no appreciable value, Mrs. Miller claim of exemption in the vehicle likewise has no value. Mrs. Miller, therefore, has no basis to claim an exemption in her husband's Pontiac Grand Prix.

This conclusion, that any interest held by Mrs. Miller in her husband's vehicle has no value and thus may not be exempted, provides cohesiveness and can also be advantageous to a debtor. To use this case as an example, it seems credulous that a creditor, holding a claim solely against Mrs. Miller, could have sought to repossess Mr. Miller's Grand Prix based solely upon Mrs. Millers putative interest in the vehicle. Similarly, had only Mrs. Miller sought bankruptcy relief, the Trustee would not have been warranted to seek the turnover of Mr. Miller's Grand Prix simply because Mrs. Miller drove and had an insurable interest in the vehicle.

This holding is also consistent with the aims of the Bankruptcy Code. As explained in another case, where a debtor also sought to claim an exemption in a vehicle titled solely in the name of a spouse:

> The theory underlying the entire bankruptcy scheme is that debtors be able to deal with their own property and debts, not property of others. Without such an interpretation, debtors would be free to claim exemptions for property to which they have no ownership nexus. Such a result both flies in the face of reason and is contrary to the principals embodied in the Code.
>
> Indeed, to accept the debtors' theory would create an anomalous situation whereby a husband could place property in the name of his wife to keep it beyond the reach of his creditors and then reclaim it for bankruptcy exemption purposes, again putting it beyond the reach of his creditors.
>
> The Bankruptcy Court is a court of equity charged with balancing the interests of debtors and their creditors. To permit an untitled spouse to assert an exemption in a titled spouse's asset, to the detriment of their creditors, fails the olfactory test. To quote the 7th Circuit Court of Appeals, it strikes me as wrong with the force of a five-week old, unrefrigerated dead fish.

Page 7

In re: Robert and Kimberly Miller
Case No. 09-33066

*In re Miller*, 167 B.R. 782, 784 (Bankr. S.D.N.Y. 1994) (internal citations and quotation omitted).

      Therefore, for all the reasons just explained, the Debtor, Mrs. Kimberly Miller, is not entitled to claim an exemption in the 1999 Pontiac Grand Prix titled solely in the name of her husband and Co-Debtor, Mr. Robert Miller. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

      Accordingly, it is

      **ORDERED** that the Trustee's Objection to the claim of exemption of the Debtor, Kimberly Miller, in a 1999 Pontiac Grand Prix titled solely in the name of the Co-Debtor, Robert Miller, be, and is hereby, SUSTAINED.

      **IT IS FURTHER ORDERED** that the Debtor, Robert Miller, immediately turnover to the Trustee his 1999 Pontiac Grand Prix or the nonexempt value thereof.

Dated: October 22, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

09-33066-rls    Doc 28    FILED 10/22/09    ENTERED 10/22/09 16:25:06    Page 8 of 9

# *CERTIFICATE OF SERVICE*

Copies were mailed this 22nd day of October, 2009, to the following parties:

Kimberly Jean Miller
Robert Anthony Miller
10616 T.H. 133
Nevada, OH 44849

Robert C. Cordrick
284 South State Street
Marion, OH 43302

William L Swope
221 S Main St
Findlay, OH 45840

Gilbert B Weisman
c/o Becket & Lee
PO Box 3001, 16 General Warren Blvd
Malvern, PA 19355

Office of the U.S. Trustee
201 Superior Ave, E
#441
Cleveland, OH 44114

/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court